IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARTY GIFFIN and DEBRA GIFFIN,<br><br>Defendants. | Case No. |

### COMPLAINT FOR FEDERAL TAXES

Plaintiff, the United States of America, at the request of and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General, brings this action to collect the federal income taxes, penalties and statutory additions to tax assessed against Defendant, Carty Giffin, for the 2004 and 2006 tax years and against Defendants, Carty Giffin and Debra Giffin for the tax years 2008 through 2011 and 2013 through 2017.

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1396(b) because Defendants Carty Giffin and Debra Giffin reside within the jurisdiction of this Court.

### Parties

3. Plaintiff is the United States of America.

4.  Defendants, Carty Giffin and Debra Giffin, the taxpayers against whom the federal income tax liabilities at issue in this action are assessed, reside in Newton, Pennsylvania, within the jurisdiction of this Court.

## COUNT I: REDUCE TO JUDGMENT FEDERAL INCOME TAXES ASSESSED AGAINST DEFENDANT CARTY GIFFIN

5.  The United States incorporates paragraphs 1 through 4 by reference, as if fully set forth herein.

6.  A delegate of the Secretary of the Treasury made assessments against Defendant Carty Giffin for unpaid federal income taxes, penalties and interest for the 2004 and 2006 tax years as follows:

| Tax Type | Tax Period Ending | Date of Assessment | Amount of Assessment | Outstanding Balance (7/1/2019 |
|---|---|---|---|---|
| Income (Form 1040) | 12/31/2004 | 04/06/2009 | $71,236 | $89,799 |
| Income Form 1040 | 12/31/2006 | 04/06/2009 | $80,170 | $ 93,753 |
| Total | | | | $183,552 |

7.  Interest and penalties have accrued and will continue to accrue on the unpaid balance of the assessments set forth in paragraph 6.

8.  A delegate of the Secretary of the Treasury gave Defendant Carty Giffin notice and demand for payment of the assessments described in the paragraph 6, above.

9.  Despite notice and demand for payment, Defendant Carty Griffin has failed to pay the United States the full amount of the tax assessments described in paragraph 6, above.

10. As a result, Defendant Carty Giffin is indebted to the United States for unpaid federal income taxes and statutory additions to tax for the 2004 and 2006 tax years, in the

amount of $183,552 as of July 1, 2019, plus penalties and interest that have accrued and will continue to accrue until paid in full.

## COUNT II: REDUCE TO JUDGMENT FEDERAL INCOME TAXES ASSESSED AGAINST DEFENDANTS CARTY GIFFIN AND DEBRA GIFFIN.

11. The United States incorporates paragraphs 1 through 4 by reference, as if fully set forth herein.

12. A delegate of the Secretary of the Treasury made assessments against Defendants Carty Giffin and Debra Giffin for unpaid federal income taxes, penalties and interest for the 2008 through 2011 and 2013 through 2017 tax years as follows:

| Tax Type | Tax Period Ending | Date of Assessment | Amount of Assessment | Outstanding Balance (as of 7/1/2019) |
|---|---|---|---|---|
| Income (Form 1040) | 12/31/2008 | 02/14/2011 | $17,298 | $20,145 |
| Income (Form 1040) | 12/31/2009 | 03/28/2011 | $41,343 | $39,164 |
| Income (Form 1040) | 12/31/2010 | 08/2020145/2012 | $39,475 | $38,858 |
| Income (Form 1040) | 12/31/2011 | 12/03/2012 | $41,377 | $33,604 |
| Income (Form 1040) | 12/31/2013 | 09/07/2015 | $55,241 | $36,834 |
| Income (Form 1040) | 12/31/2014 | 04/22/2019 | $54,719 | $83,341 |
| Income (Form 1040) | 12/31/2015 | 12/12/2016 | $45,279 | $36,899 |
| Income (Form 1040) | 12/31/2016 | 11/27/2017 | $57,955 | $41,816 |
| Income (Form 1040) | 12/31/2017 | 11/05/2018 | $50,582 | $46,782 |
| Total | | | | $377,443 |

13.     Interest and penalties have accrued and will continue to accrue on the unpaid balance of the assessments set forth in paragraph 12.

14.     A delegate of the Secretary of the Treasury gave Defendants Carty Giffin and Debra Giffin notice and demand for payment of the assessments described in the paragraph 12, above.

15.     Despite notice and demand for payment, Defendant Carty Griffin and Debra Giffin have failed to pay the United States the full amount of the tax assessments described in paragraph 12, above.

16.     As a result, Defendant Carty Giffin and Debra Giffin are indebted to the United States for unpaid federal income taxes for the 2008 through 2011 and 2013 through 2017 tax years, in the amount of $377,443 as of July 1, 2019, plus penalties and interest that have accrued and will continue to accrue until paid in full.

WHEREFORE, the United States of America requests judgment as follows:

A.     As to Court I, that the Court entered judgment in favor of the United States and against Defendant Carty Giffin for the unpaid balance of his federal income tax liabilities for the 2004 and 2006 tax years, including interest and penalties, in the total amount of $183,552 as of July 1, 2019, plus interest and penalties that will accrue after that date according to law until paid in full;

B.     As to Court II, that the Court enter judgment in favor of the United States and against Defendants Carty Giffin and Debra Giffin for the unpaid balance of their federal income tax liabilities for the 2008 through 2011 and 2013 through 2017 tax years, including interest and penalties in the total amount of $377,443 as of July 1, 2019, plus interest and penalties that will accrue after that date according to law until paid in full;

C.  That the United States recover its attorney's fees and costs incurred in prosecuting this action; and

D.  For such other and further relief as is just and proper.

Date: July 1, 2019

WILLIAM M. MCSWAIN
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

ERIN F. DARDEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-307-6501 (v)
202-514-6866 (f)
Erin.Darden@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __PO Box 227, Washington D.C. 20044__

Address of Defendant: __1 Hansel Road, Newton, PA 18940__

Place of Accident, Incident or Transaction: __Newton, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __07/01/2019__          *Attorney-at-Law / Pro Se Plaintiff*          __GA 989244__
                                                                            *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
      *(Please specify):* __Collection of Taxes__

B. **Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Erin F. Darden__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __07/01/2019__          *Attorney-at-Law / Pro Se Plaintiff*          __GA989244__
                                                                            *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| United States of America | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| Carty Giffin, and Debra Giffin | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 07/01/2019 | _Signature_ | United States of America, Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (202)307-6501 | (202)514-6866 | Erin.Darden@usdoj.gov |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev. 02/19)    **CIVIL COVER SHEET**    19-cv-2906

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Erin F. Darden,
U.S. Department of Justice, Tax Division
PO Box 227, Washington, D.C. 20044    (202)-307-6501

### DEFENDANTS
Carty Giffin and Debra Giffin

County of Residence of First Listed Defendant    Westmoreland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. s. 7401
Brief description of cause:
reduce to judgment federal income tax assessments

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 560,995.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 7/1/19    SIGNATURE OF ATTORNEY OF RECORD

JUL 3 2019

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____